UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN   C L O S E D
SOUTHERN DIVISION

CURTIS B. GABRIEL, II, #374890,

        Petitioner,               Case Number: 2:09-CV-14391

v.                            HON. ANNA DIGGS TAYLOR

MICHIGAN PAROLE BOARD,

        Respondent.
                                       /

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Curtis B. Gabriel, II, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, challenges the revocation of his parole. For the reasons set forth below, the Court dismisses the petition without prejudice.

**I.**

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to petitions challenging state parole revocation decisions. *See*

*Brewer v. Dahlberg*, 942 F.2d 328, 337-339 (6th Cir.1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb.11, 2003). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir.2003).

In this case, Petitioner fails to show exhaustion of state court remedies. The Court finds that Petitioner still has available to him a state court remedy to challenge his parole revocation proceedings.

In Michigan, a prisoner may challenge his continued confinement pursuant to a parole revocation by filing a complaint for habeas corpus in the circuit court. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (Mich. Ct. App. 1985). If the circuit court denies the complaint for habeas corpus, a prisoner may file an original complaint in the Michigan Court of Appeals. *Id.* at 779-80. If the Michigan Court of Appeals also denies relief, the prisoner may file an application for discretionary review in the Michigan Supreme Court. Mich. Ct. R. 7.301(A)(2). Petitioner will not be time barred from filing a complaint for habeas corpus in state court because "there is no limitation on the time in which a complaint for habeas corpus must be

filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Triplett*, 142 Mich. App. at 779. Therefore, the court concludes that Petitioner has failed to exhaust his state court remedies with respect to his parole revocation claim and that a process remains available through which Petitioner may present this claim in state court.

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## III.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.

DATED: January 14, 2010                             s/Anna Diggs Taylor
                                                                          ANNA DIGGS TAYLOR
                                                                          UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Petitioner by First Class U.S. mail on January 14, 2010.

Curtis Gabriel, II , #374890  
Saginaw Correctional Facility  
9625 Pierce Rd.  
Freeland, MI 48623                                  s/Johnetta M. Curry-Williams  
                                                                         Case Manager